UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAPST LICENSING GmbH & Co. KG<br>Plaintiff,<br><br>v.<br><br>CANON, INC. and CANON USA, INC.<br><br>Defendants. | FILED: JUNE 24, 2008<br>08CV3609<br>JUDGE KENNELLY<br>MAGISTRATE JUDGE SCHENKIER<br>TG<br><br>Civil Action No.<br><br>*DEMAND FOR JURY TRIAL* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Papst Licensing GmbH & Co. KG ("Papst Licensing"), by and through counsel, for its Complaint against defendants Canon, Inc. ("Canon") and Canon USA, Inc. ("Canon USA") (collectively, the "Canon Defendants"), states as follows:

**JURISDICTION AND VENUE**

1.   This Court has federal question jurisdiction of Papst Licensing's patent infringement claims pursuant to 28 U.S.C. §1331 and 1338(a) because this action arises under the patent laws of the United States.  35 U.S.C. §§ 1, *et seq.*

2.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c), 1391(d) and 1400(b).

3.   Papst Licensing is a company existing under the laws of The Federal Republic of Germany with its principal place of business headquartered at Bahnofstrasse 33, 78112 St. Georgen, Germany.

4.      Upon information and belief, Canon is located at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501 Japan.

5.      Upon information and belief, Canon is a multinational corporation having an established and on-going business throughout the United States, and regularly transacts business in this district through Canon USA, which is registered to do business in Illinois, maintains a registered agent in Illinois and maintains a regional office located at 100 Park Blvd., Itasca, IL 60143.  Canon USA's headquarters are at One Canon Plaza, Lake Success, NY 11042.

6.      Upon information and belief, Canon is the ultimate parent company to Canon

**FACTS GIVING RISE TO THIS ACTION**

7.      The patents listed in Paragraphs Nos. 8 and 9 below cover, *inter alia*, various aspects of digital cameras.  Unless otherwise specified, the said patents are collectively referred to hereinafter as the "Patents in Suit."  Papst Licensing is the lawful owner, by assignment, of the entire right, title, and interest in and to each and every one of the Patents in Suit.

8.      United States Patent No. 6,470,399 B1 duly and legally issued on October 22, 2002.

9.      United States Patent No. 6,895,449 B2 duly and legally issued on May 17, 2005.

10.     A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support the Canon Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit.

11.     A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the Canon Defendants have actively induced others and/or contributed to the infringement of the Patents in Suit.

12.     A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the Canon Defendants committed said infringements willfully.

13.     Papst Licensing has given written notice of infringement to the Canon Defendants.

14.     Upon information and belief, the Canon Defendants have been and still are committing the said infringements and will continue to do so unless enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable by jury as of right.

## REQUESTED RELIEF

WHEREFORE, Papst Licensing respectfully requests the following relief:

1.     The entry of judgment in favor of Papst Licensing, and against the Canon Defendants, finding that the Canon Defendants have infringed the Patents in Suit;

2.     The entry of judgment in favor of Papst Licensing, and against the Canon Defendants, awarding Papst Licensing damages adequate to compensate it for the Canon Defendants' acts of infringement;

3.     The entry of judgment in favor of Papst Licensing, and against the Canon Defendants, awarding Papst Licensing all applicable interest (including pre-judgment and post-judgment interest), costs, an increase of damages to three times the amount of damages found or assessed, and attorneys' fees;

4. The entry of a permanent injunction enjoining the Canon Defendants, and all those acting in concert with them, from further acts of infringement; and

5. Such other and further relief as the Court deems just and proper.


June 24, 2008                                         Respectfully submitted,


/s/ Jerold B. Schnayer
Jerold B. Schnayer
James P. White
John L. Ambrogi
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

*Attorneys for PAPST LICENSING GmbH & Co. KG*